IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMRA MICHELLE KEVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-626-SMD |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION & ORDER**

On November 30, 2020, Plaintiff Tamra Michelle Kever ("Kever") applied for a period of disability and disability insurance benefits ("DIB") alleging she became disabled on September 1, 2019. Tr. 85-86, 273-83. Kever's application was denied at the initial administrative level. Tr. 19, 87-92, 93-98, 103-106. She then requested and received a hearing before an Administrative Law Judge ("ALJ") who found on March 23, 2023, that Kever was not disabled. Tr. 16-46, 159-60. Kever appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1-6, 241-43. Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Kever appeals that decision under 42 U.S.C. § 405(g). For the following reasons, the undersigned AFFIRMS the Commissioner's decision.[1]

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 7); Def.'s Consent (Doc. 8).

## I.      STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ

---

[2] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II. STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept

---

[3] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

## III.   ADMINISTRATIVE PROCEEDINGS

Kever was 49 years old on the date of the ALJ's decision. Tr. 16, 248, 273. She had completed two years of college and had previously worked as a cashier. Tr. 1, 55, 237-38, 302-13, 321. She alleged disability due to hallucinations, paranoia, anxiety, and psychosis. Tr. 320, 330-31, 341-42.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Kever's disability determination. At step one, the ALJ found Kever had not engaged in substantial gainful activity since September 1, 2019. Tr. 22. At step two, the ALJ found Kever suffers from the following severe impairments: degenerative osteoarthritis and degenerative disc disease of her cervical and lumbar spine, with cervicalgia; a history of ligament and tendon injuries of her left knee and right shoulder; hypertension; depressive disorder; generalized anxiety disorder; obsessive-compulsive disorder; personality disorder; and a substance abuse disorder. Tr. 22. At step three, the ALJ found Kever did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

The ALJ then proceeded to determine Kever's RFC, finding she has the capacity to perform light work with some exceptions. Tr. 30. At step four, the ALJ found Kever unable to perform past relevant work. Tr. 38. At step five, the ALJ considered Kever's age, education, work experience, and RFC and found that there are jobs that exist in significant numbers in the national economy that Kever can perform. Tr. 39-40, 81-83. Accordingly, the ALJ found Kever had not been under a disability from her alleged onset date through the date of his decision. Tr. 40.

## IV.   KEVER'S ARGUMENT

Kever argues that the Court should reverse the Commissioner's decision because the ALJ failed to order a consultative medical examination to address her spinal impairments. Pl.'s Br. (Doc. 6) pp. 9-10. As explained below, Kever's argument fails.

## V.   ANALYSIS

Kever argues that the ALJ's disability determination is not supported by substantial evidence because the ALJ did not order a consultative examination pertaining to her lumbar spine and cervical spine impairments. Pl.'s Br. (Doc. 6) p. 9. She contends that the ALJ's determination was uninformed because the record was insufficient for the ALJ "to properly determine the nature and extent of [her] physical limitations and their impact on [her] RFC." *Id*. at 9-10. In particular, Kever asserts that the medical evidence "included no persuasive functional assessment of [her] physical capacities" during the relevant period and that the lack of treatment records after August 2020 for her lumbar conditions created an evidentiary gap in the record that required the ALJ to order a consultative examination. *Id*. at 10.

Because social security proceedings are inquisitional and non-adversarial, an ALJ has "a basic duty to develop a full and fair record" on which to determine a claimant's disability status. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). In fulfilling this duty, an ALJ has discretion to order a consultative examination from a medical professional to guide his RFC determination. *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). However, an ALJ is not required to order a consultative examination when the record contains sufficient evidence to determine a claimant's RFC. *Ingram*, 496 F.3d 1269 ("The [ALJ] has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision."); *Good v. Astrue*, 240 F. App'x 399, 404 (11th Cir. 2007) (unpublished) ("the ALJ need not order an additional consultative examination where the record was sufficient for a decision.").

To warrant remand, a claimant must show that she was prejudiced by the ALJ's failure to order a consultative examination. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Ultimately, "the ALJ's obligation to develop the record does not relieve the claimant of the burden of proving she is disabled." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010). In determining whether remand is appropriate, "[t]he court should be guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Graham*, 129 F.3d at 1423.

Here, substantial evidence supports the ALJ's conclusion that the medical records before him do not indicate that Kever's spinal condition was as limiting as she claimed.[5] *See* Tr. 23-38. While Kever argues that there is an evidentiary gap regarding treatment for her spinal conditions after August 2020, she has not shown that a consultative examination would have addressed this gap or that the gap resulted in unfairness or clear prejudice. Further, to the extent that Kever suggests that a "functional assessment" by a medical professional was required for the ALJ to assess her RFC, her argument is without merit because an ALJ is not required to base a claimant's RFC on a medical opinion. *See Moore v. Soc. Sec. Admin, Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) ("[T]he task of determining a claimant's [RFC] and ability to work rests with the [ALJ], not a doctor.") (citing 20 C.F.R.  404.1546(c)).

It is Kever's burden to show that she is disabled, and her mere speculation that a consultative examination would have shown that she is more limited than her RFC is not sufficient to remand her disability application to the Commissioner. *See, e.g., McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) ("A claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing."). Thus, because Kever has not shown that she was prejudiced by the ALJ's failure to order a consultative examination, the Court finds that the ALJ did not err in failing to

---

[5] The Court notes that Kever has not argued that the ALJ misinterpreted or misconstrued the evidence before him pertaining to Kever's spinal conditions. Arguments not specifically raised before the Court are considered waived. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) ("An appellant forfeits an issue when she 'raises it in a perfunctory manner without supporting arguments and authority.'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)).

further develop the record. Substantial evidence supports the ALJ's RFC determination, and the Commissioner's decision will not be disturbed.

## VI.    CONCLUSION

As explained above, the Court finds that the ALJ did not commit reversible legal error by failing to order a consultative examination and that substantial evidence supports the Commissioner's decision. Accordingly, it is

ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 17th day of May, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE